Case 1:22-cv-00121-DLH-CRH   Document 1   Filed 07/18/22   Page 1 of 11

UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF NORTH DAKOTA, WESTERN DIVISION

| | |
|---|---|
| MONTANA OIL PROPERTIES, INC., Ryan Family Mineral Partnership, S. Reger Family Partnership, and Baldridge Family Mineral Partnership, <br><br>            Plaintiff, <br><br>      -vs- <br><br>WHITING OIL AND GAS CORPORATION, <br><br>            Defendant. | Civil Cause No. _____ <br><br><br><br> COMPLAINT |

---

COMES NOW Montana Oil Properties, Inc., Ryan Family Mineral Partnership, S. Reger Family Partnership, and Baldridge Family Mineral Partnership and for their cause of action state as follows:

## PARTIES

1. Montana Oil Properties, Inc. (herein "MOP") is a Montana corporation with its principal place of business in Billings, Montana.

2. Ryan Family Mineral Partnership is a partnership with its principal place of business located in Billings, Montana. Each and every partner of Ryan Family Mineral Partnership is domiciled in Montana.

3. S. Reger Family Partnership is a partnership with its principal place of business located in Billings, Montana. Each

and every partner of S. Reger Family Partnership is domiciled in Montana.

4. Baldridge Family Mineral Partnership is a partnership with its principal place of business located in Whitefish, Montana. Each and every partner of Baldridge Family Mineral Partnership is domiciled in Montana.

5. Defendant Whiting Oil and Gas Corporation (herein "Whiting") is a Delaware corporation with its principal place of business located in Denver, Colorado.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and the matter in controversy exceeds $75,000.00.

7. Venue is proper in the Western Division of the District Court as the matter arises out of interest in real property located in Mountrail County, North Dakota, under D.N.D. Gen.1.1 (1).

## FACTS

8. MOP took a number of oil and gas leases in Mountrail County from mineral owners.

9. MOP, as Assignor, entered into an Assignment of Oil and Gas leases with Whiting, as Assignee, assigning leases to

Whiting which is dated November 10, 2005, recorded December 19, 2005, at Book 738, page 109 in the Office of the Mountrail County Recorder.

10. A true and correct copy of the Assignment is attached hereto as Exhibit "A".

11. Under the terms of the Assignment the Assignor, MOP, reserved an overriding royalty interest in each of the Assigned Leases, or any extensions or renewals of the Assigned Leases, and amount equal to the difference between existing burdens and 18.75%.

12. One of the leases covered by the Assignment from MOP to Whiting was a lease from Bernice Auverson (herein "Auverson lease").

13. The Auverson lease was dated April 22, 2005, recorded at Book 727, page 316, in the Mountrail County Recorders Office.

14. The Auverson lease had a primary term of five years and a royalty rate of 16%.

15. By virtue of the reservation of overriding royalty by MOP in the Assignment from MOP to Whiting, MOP created a 2.75% overriding royalty interest, the difference between 18.75% and the 16% royalty burden of the Auverson lease.

16. Whiting was unable to get to all of the leases to drill during the primary terms of the leases assigned to Whiting by MOP.

17. Whiting elected to have MOP acquire additional leases and extend leases.

18. MOP took new leases directly into Whiting's name and extended other leases that had been assigned to Whiting.

19. As part of the compensation for acquiring the leases and lease extensions Whiting assigned a two percent (2%) of eight-eighths (8/8ths) overriding royalty to MOP in an Assignment of Overriding Royalty.

20. The Assignment of Overriding Royalty from Whiting to MOP is dated July 7, 2010, recorded August 12, 2010, as document 370557 in the Mountrail County Recorder's Office.

21. A true and correct copy of the Assignment of Overriding Royalty is attached hereto as Exhibit "B".

22. One of the leases that MOP extended for Whiting was part of the Auverson lease.

23. After the extension MOP had a 4.75% overriding royalty on the part of the Auverson lease that was extended.

24. Whiting drilled the Bartelson 44-31H well completing that well in May, 2012.

25. MOP assigned overriding royalty interests to Ryan Family Mineral Partnership, S. Reger Family Partnership and Baldridge Family Mineral Partnership.

26. Whiting drilled the following wells which are included in the 1278.88 spacing unit comprised of sections 5 and 8, Township 153 North, Range 93 West:

>     Bartelson 44-31H well
>     Bartelson Federal 44-31-2H well
>     Bartelson Federal 44-31-2TFH well
>     Bartelson Federal 44-31-3H well
>     Bartelson Federal 44-31-3TFH well
>     Bartelson Federal 44-31-4H well
>     Bartelson Federal 44-31TFH well

27. Whiting prepared a division order making its own calculations of the overriding royalties due to Plaintiffs and sent those division orders to Plaintiffs.

28. The division orders prepared by Whiting honored both the 2.75% overriding royalty created in the assignment from MOP to Whiting and the 2% overriding royalty interest from the Assignment of Overriding Royalty from Whiting to MOP.

29. Until recently, for approximately ten years Whiting has paid this overriding royalty that it originally calculated.

30. Whiting's Vice President of Land who made all of the contacts with MOP was David Seery. Mr. Seery retired and is now deceased.

31. In approximately April, 2022 Whiting made a unilateral decision that Whiting had been "incorrectly" paying the overriding royalty.

32. Whiting claimed that when the Auverson lease was extended and the royalty was increased to 18.75% the original overriding royalty of 2.75% was "washed out".

33. Whiting unilaterally withheld overriding royalties from the Plaintiffs not only for the Bartelson wells, but also other wells not involved with the Auverson lease.

## COUNT I

## QUIET TITLE

34. Plaintiffs incorporate Paragraphs 1-33 as though fully set forth in this place.

35. Plaintiffs have an estate or interest in the oil, gas, and other minerals produced and saved from the following described real property situated in Mountrail County, North Dakota:

>Township 153 North, Range 93 West
>Section 8: Lot 1 (39.75), S2SE4, E2NW4, NE4SW4

36. Plaintiffs are the Assignor and successors in interest to the Assignor MOP under that Assignment of Oil and Gas Leases who own the overriding royalty reserved therein, said Assignment previously identified herein and attached hereto as Exhibit "A".

37. Plaintiffs claim certain estates or interests or liens or encumbrances in the above-described property that are adverse to the defendants.

38. The 2.75% overriding royalty on the Auverson lease cannot be reduced without the express written consent of Plaintiffs.

39. The Assignment of Overriding Royalty previously identified and attached hereto as Exhibit "B" created an additional 2% overriding royalty burden on the lands described above under the Auverson lease.

40. Plaintiffs are entitled to a decree quieting title to a 2.75% overriding royalty in the entire Auverson lease and a decree quieting title to the 2% overriding royalty that was given by Whiting on that part of the Auverson lease that was extended.

## COUNT II

### DECLARATORY JUDGEMENT

41. Plaintiffs incorporate paragraphs 1-40 above by reference.

42. A case or controversy exists between the parties that warrants declaratory relief.

43. Plaintiffs are entitled to a declaratory judgment pursuant to Chapter 32-23 of the North Dakota Century Code that:

(a) Plaintiffs have a 2.75% royalty covering all of the lands contained in the Auverson lease.

(b) Plaintiffs have an additional 2% overriding royalty interest in that part of the Auverson lease that was extended.

## COUNT III

### CONVERSION

44. Plaintiffs incorporate paragraphs 1-43 above by reference.

45. Plaintiffs are the owners of overriding royalty interests produced and saved from the Auverson lease.

46. Whiting has unilaterally decided that it has overpaid Plaintiffs and has withheld overriding royalties owed to the

Plaintiffs not only from the Auverson lease but other leases in Mountrail County.

47. As the owners of the above-described overriding royalty interests, Plaintiffs are entitled to the proceeds from these interests which have been produced and saved.

48. Whiting has converted and continues to convert Plaintiffs' property by withholding payments for overriding royalties,

49. Plaintiffs have suffered damages and continue to suffer damages as a result of Whiting's conversion.

50. Plaintiffs are entitled to judgment for the converted property with interest.

## COUNT IV

## ACTION FOR ACCOUNTING

51. Plaintiffs reallege paragraphs 1-50 by reference.

52. Whiting is in possession of the proceeds of overriding royalty revenue from the sale of oil, gas and other minerals that belong to the Plaintiffs, and all the records of production.

53. Plaintiffs are the rightful owners of oil, gas and other minerals that have been produced and saved and continued to be produced and saved from the Auverson lease.

54. Whiting must be made to provide an accounting for all oil, gas and other minerals and the proceeds from sales of the oil, gas and other minerals that constitute overrides that have been withheld from Plaintiffs.

WHEREFORE, having fully stated its claims, Plaintiffs pray for judgement as follows:

1. For a judgment quieting title to the subject property in favor of the Plaintiff and against Whiting;

2. For a judgment declaring that the subject property is owned free and clear by the Plaintiffs, free and clear of any claim, encumbrance or interest of the Defendant Whiting or anyone claiming under Whiting and that Whiting has no claim, right, title or interest in the subject property;

3. For a judgment declaring that the Plaintiffs are the absolute owners of the subject property and are entitled to peaceful possession of the subject property;

4. For a judgment against Whiting for conversion of the Plaintiffs' property;

5. For a judgment against Whiting requiring an accounting of any and all proceeds that Whiting has suspended, including repayment of all proceeds;

6. For prejudgment interest;

7. For costs of suit;

8. For attorney's fees to the extent that they are allowed by North Dakota law;

9. For such other and further relief as the court deems just or equitable.

DATED this 14th day of July, 2022.

Loren J. O'Toole II
O'TOOLE LAW FIRM
209 North Main Street
P.O. Box 529
Plentywood, MT  59254
Phone: 406-765-1630
Fax: 406-765-2945
Email: otoole@otoolelawmt.com
ATTORNEY FOR PLAINTIFFS